(Franklin County Court of Common Pleas.)

## THE BOARD OF COUNTY COMMISSIONERS OF FRANKLIN COUNTY, O., v. JOHN J. DUN.

---

*County Surveyor—Fees for services on county bridges.*

A county surveyor who renders services in the construction or repair of county bridges, at the instance of the County Commissioners, pursuant to the statute of 1894, (91 Ohio Laws, 397) is not entitled to such fees as may be agreed upon by and between the said Commissioners and him. Being employed by the day, he can not be legally paid more than $4.00 per day, under section 1183 of the Revised Statutes. Hence, an action to recover the excess over $4.00 per day, which was paid to him, will lie in favor of the Commissioners.

---

PUGH, J.

By the first cause of action of the petition the plaintiff seeks to recover $3,693.00.

The defendant, as County Engineer, it is averred, in person, and by his deputies, rendered services in the construction and repair of certain county bridges. For such services he claimed and was allowed and received for himself $8.00 per day, and $5.00 per day for each of his deputies. These charges and allowances aggregated $13,533.

The hypothesis and claim of the petition is, that the defendant could not, legally, be allowed and paid more than $4.00 per day, for either the services of himself or his deputies. On that assumption, he should have been paid $9,890, and no more.

A demurrer to the petition presents the question, whether the county's position is sustained by law. The decision of the question turns chiefly on the construction of an act of the legislature, passed in 1894, (91 Ohio Laws, 397,) and, incidentally, perhaps, on the construction of some cognate statutes.

The particular statute named, so far as it relates to this case, is couched in this language:

''Whenever * * * the services of an engineer are required, with respect to roads, turnpikes, ditches or bridges * * * the County Surveyor shall act as such engineer, and shall receive such compensation as is provided by the law for the services of an engineer in such cases.''

One of the Circuit Courts has interpreted this statute in one respect. (11 C. C. 96.) The statute does not prohibit the County Commissioner from designating any other engineer than the county surveyor to perform the services in the instances named by it. From the history of the legislature which we learn outside of the statute, we know that was not the design of those who procured the passage of the statute. But there can be no public reason for objection as to this view of the circuit court.

Again, the same court has adjudged that when the county surveyor is designated by the county commissioners to perform services in the cases named, he is obliged to act; he has no choice to act or refuse; that when so acting, he performs an official duty —a duty as county surveyor. This interpretation has a most important bearing upon the question raised in this case.

The fees of the county surveyor are prescribed by Sec. 1183 of the Revised Statutes. When employed by the day he is allowed $4.00 per day. It is true that the particular statute which fixes this fee does not contemplate services rendered by him ''with respect to roads, turn-pikes, ditches or bridges.'' The statute, I repeat, at the time it was passed, did not have in view

such services, and hence did not provide for his fees in such cases.

But a statute may be expanded or contracted by a subsequent statute.

It is agreed by counsel, I infer, that there *are* other special statutes which fix the fees of engineers for services rendered with respect to roads, turn-pikes and ditches, but that there is none which determines what his fees shall be for services rendered with respect to bridges.

Am I exact in this statement? (Mr. Tussing assented to this.)

That being true, there is only one solution of the question debated by counsel. Counsel for the defendant correctly assumes that the compensation of the county surveyor, when he is required to perform services with respect to roads, turn-pikes, ditches and bridges, shall be just what the law provides in such cases. The act of 1894 is not ambiguous on that point.

If the question here was, what fee shall the county surveyor in road, turn-pike and ditch cases, be allowed, it would probably be a different one from that made, because there are special laws which prescribe the fees in such case.

But since there is no special law ordaining the fees to be paid in bridge cases, what is the county surveyor entitled to receive?

The counsel for the defendant contends that they may be such as the county commissioners and the surveyor may agree upon. His own language is: "This compensation is to be arranged between the commissioners and such agents at the customary rates paid by private individuals." He illustrates this by stating that, for a generation, this had been the rule observed by the county commissioners and county surveyors.

That was competent as long as the county surveyor did not render services with respect to bridges officially. Acting in his own individual capacity, employed to do the work in that capacity, there was no limitation on the fees except such as the terms of the contract provided. The statute did not pretend to regulate his fees, in such cases, during the generation named. But since the statute which requires him to render such services, when designated by the county commissioners, was passed, he has rendered such services in his official capacity; and he was, therefore, entitled to such fees as the statute gave him, and no more.

If there was no law that made provision for compensation for such services, they were, in the judgment of the law, gratuitous. This wholesome rule was adopted in Ohio before the present generation.

In 47 Ohio St. page 408, Judge Williams made this relevant observation:—"The fact that a duty is imposed upon a public officer will not be enough to charge the public with an obligation to pay for its performance, for the legislature may deem the duties imposed to be fully compensated by the privileges and other emoluments belonging to the office,

or by fees permitted to be charged and collected for services conneted with such duty or services, and hence provides no direct compensation therefor, to be paid out of the public treasury."

In 4 C. C. Rep. 3, the judgment was, that services required by law to be performed by a public officer for which no compensation was provided must be deemed gratuitous.

The same rule was affirmed by the supreme court in Anderson v. Jefferson county, (25 Ohio St. 13,) and in McClove v. Miller (Id. 14.) In the first it was said: "Where a service for the benefit of the public is required by law, and no provision for its payment made, it must be regarded as gratuitous, and no claim for compensation can be enforced."

I presume that counsel for the defendant does not combat the conclusion of the circuit court, whose decision is relied upon by him, that, by the statutes of 1892 and 1894, the county surveyor acts officially when he renders services at the instance of the county commissioners in bridge cases; and since he concedes that there is no special statute providing for fees in such cases, but denies that section 1183 has any application, guided by the decisions quoted, the logical consequence is that the defendant's services in respect to the bridges were, and must be regarded, as gratuitous. But his last contention is too severe on this defendant. Section 1183 does govern in such cases.

When the harmony of the law requires it, and when the ends of justice will be subserved, one statute may be construed as extending the effect of another.

In construing a statute the duty is to "lay beside it all the other relevant provisions of statutory and common law, at whatever several dates established, and lengthen out and shorten it by them, and them by it in their respective effects. * * *."

Bishop's Written Laws. Sec. 123.

The statute of 1894, permitted the county surveyor, when he had rendered services in respect to bridges, to be paid the compensation which the law in such case provided for. But there was no such law for that case.

Still, as the general law, (Sec. 1183) did provide what the fees of the county surveyor should be, generally, to make the law harmonious, and perhaps do justice to the surveyor, Sec. 1183 must be extended so as to give the same fees for his services rendered in bridge cases.

He could not lawfully receive any other fees.

In DeBolt v. Cincinnati Township, 7 Ohio St. 237, the judgment was, that when the fees of a public officer are regulated by statute, he can charge fees for those services only to which compensation is by law affixed.

To verify my statement about the age of a rule stated, I will add that in Halpin v. Cincinnati, 2 Gaz. 386, it was announced that if no fees are prescribed by statute or

ordinance, a public officer can get none, though the services are rendered at the request of a superior.

Demurrer overruled.

Dyer, Williams & Howard, Prosecuting Attorneys and his assistants, for the Plaintiff.

Donaldson & Tussing, for Defendant.